U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

MAY 13 2025

FILED

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
Division: Augusta

Debra Rene Walker, individually )
and as beneficiary of the )
Debra Rene Walker Trust, )
Plaintiff, )
           )
           v.              )
           )
           )
The Consolidated Government of )
Augusta-Richmond County and its )
associated counsel and officials, )
Elaine Waters, Marshal's Office )
Mr. John Philip Manton III )
Defendant. )

Case No. CV125-114

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
(Non–Prisoner)
(42 U.S.C. § 1983; Title 18 U.S.C. §§ 241 and 242)
**JURY TRIAL DEMANDED**

DATED: May 7, 2025

## INTRODUCTION

1. I, Russell Lewis Walker, in my capacity as next friend for my Aunt, Debra Rene Walker, submit this Complaint on her behalf. Due to her diminished capacity and financial constraints, my Aunt is unable to pursue this matter on her own, and I have assumed the role of next friend solely to protect her rights (Affidavit of Russell Lewis Walker, Paragraph 12).

2. This action arises out of a pattern of conduct by defendants that has deprived my Aunt of her constitutional and federal rights. Specifically, defendants—through the actions of their agents and officials—have violated her rights under 42 U.S.C. § 1983 and Title 18 U.S.C. §§ 241 and 242 by subjecting her to false representations, deprivation of due process, and other abuses in connection with a nuisance abatement proceeding that improperly authorized the demolition of her historic property located at 3422 Milledgeville Road, Augusta, Georgia (Affidavit of Russell Lewis Walker, Paragraphs 8, 9, 10, 11, 39).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because the claims arise under federal law, including 42 U.S.C. § 1983 and 18 U.S.C. §§ 241 and 242.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in the Southern District of Georgia.

## PARTIES

5. Plaintiff Debra Rene Walker is the beneficiary of the Debra Rene Walker Trust and resides in Augusta, Georgia. Due to her diminished capacity, I am appearing on her behalf as her next friend (Affidavit of Russell Lewis Walker, Paragraph 12).

6. Defendant City of Augusta, Georgia, is a municipal entity whose employees and agents, including its City Attorney, Code Enforcement Agents, and other officials, have engaged in acts that violate my Aunt's rights (Affidavit of Russell Lewis Walker, Paragraphs 9, 10, 19, 20, 21, 39).

7. Additional Defendants include:
   - Elaine Waters, Code Enforcement Agent (and/or acting through the Marshal's Office), who presented false testimony regarding the status of utilities at Plaintiff's property (Affidavit of Russell Lewis Walker, Paragraph 39);
   - Mr. John Philip Manton III, City Attorney, whose misrepresentations and pre-determined actions contributed to the issuance of a demolition order in violation of my Aunt's due process rights (Affidavit of Russell Lewis Walker, Paragraphs 8, 9, 10, 11, 39); and
   - Any other official, employee, or agent of the above entities who participated in or condoned the abusive conduct.

## **FACTUAL ALLEGATIONS**

8. In connection with a nuisance abatement proceeding (Case No. NA-2052), Plaintiff's property located at 3422 Milledgeville Road was mischaracterized as uninhabitable and condemned by Defendant City of Augusta based on false representations (Affidavit of Russell Lewis Walker, Paragraphs 3, 30, 39).

9. Despite clear evidence to the contrary—including emails and confirmations from Georgia Power confirming that my Aunt consistently receives and pays utility bills—defendants falsely asserted that the property lacked power and water (Affidavit of Russell Lewis Walker, Paragraph 39). These false assertions were made to support a demolition order (Affidavit of Russell Lewis Walker, Paragraph 39).

10. Additionally, at a subsequent hearing, false testimony was presented by Defendant Mr. Manton through his agent, Elaine Waters (Affidavit of Russell Lewis Walker, Paragraphs 30, 39). This testimony included:
a. False assertions regarding the absence of utilities (Affidavit of Russell Lewis Walker, Paragraph 39), b. Knowingly false representation regarding the condition of the property (Affidavit of Russell Lewis Walker, Paragraph 39), and c. A failure to properly consider the filed Answer/Counterclaim, thus depriving my Aunt of a meaningful opportunity to contest the allegations (Affidavit of Russell Lewis Walker, Paragraph 39).

11. The actions and misrepresentations by defendants resulted in the issuance of a demolition order for my Aunt's historic farmhouse—a property of significant familial and cultural importance (Affidavit of Russell Lewis Walker, Paragraphs 4, 5, 30).

12. Furthermore, procedural irregularities, such as improper service by publication and inadequate notice of the hearing, have compounded the violations of my Aunt's rights, rendering the entire proceeding fraught with due process violations (Affidavit of Russell Lewis Walker, Paragraphs 33, 36).

13. As a direct result of the defendants' actions, my Aunt has suffered irreparable harm, including the threat of losing her home—a loss which cannot be remedied by monetary damages alone—and severe emotional distress (Affidavit of Russell Lewis Walker, Paragraphs 10, 11, 12).

## CAUSES OF ACTION

### Count I – Violation of Civil Rights under 42 U.S.C. § 1983

14. Plaintiff realleges paragraphs 1 through 13 as if fully set forth herein.

15. Defendants, acting under color of state law, intentionally and/or recklessly deprived my Aunt of her constitutional rights to due process and equal protection—rights guaranteed by the United States Constitution.

16. As a proximate result of these violations, my Aunt has suffered injuries, including emotional distress, loss of her home, and damage to her personal property.

### Count II – Violation of Title 18 U.S.C. § 241

17. Plaintiff realleges paragraphs 1 through 16 as if fully set forth herein.

18. Defendants, through a conspiracy to injure, oppress, threaten, and intimidate my Aunt in the exercise of her constitutional rights, have violated Title 18 U.S.C. § 241 by engaging in a pattern of abusive and unlawful conduct.

19. As a result of this conduct, my Aunt has suffered severe emotional distress and other compensable injuries.

### Count III – Violation of Title 18 U.S.C. § 242

20. Plaintiff realleges paragraphs 1 through 19 as if fully set forth herein.

21. Defendants, acting under color of state law, willfully deprived my Aunt of her rights and privileges secured by the Constitution by engaging in discriminatory, retaliatory, and oppressive conduct.

22. This willful deprivation has caused and continues to cause irreparable injury to my Aunt, for which she is entitled to redress.

### Count IV – Intentional Infliction of Emotional Distress

23. Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

24. Defendants' extreme and outrageous conduct, including the use of false testimony, procedural misconduct, and the threat of demolition of a historic residence, has been committed either intentionally or recklessly, and has caused my Aunt severe emotional distress.

25. As a proximate result of this conduct, my Aunt is entitled to compensatory and punitive damages.

### Count V – Abuse of Process

26. Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

27. Defendants misused the legal and administrative process as a tool for harassment, intimidation, and oppression, and such abuse of process has resulted in significant harm to my Aunt.

28. This abuse of process warrants the imposition of sanctions and equitable relief.

### Count VI – Nuisance and Trespass

29. Plaintiff realleges paragraphs 1 through 28 as if fully set forth herein.

30. Defendants unlawfully declared my Aunt's property as a nuisance, entered the property without proper authority, and sought its demolition, thereby interfering with her lawful use and enjoyment of her property.

31. As a result, my Aunt has suffered and continues to suffer injurious interference with her property rights.

### PRAYER FOR RELIEF

WHEREFORE, I respectfully request that the Court enter judgment in favor of my Aunt Debra Rene Walker and against the Defendants, and grant the following relief:

A. Injunctive Relief—Issue a Temporary Restraining Order and Preliminary Injunction preventing the demolition of the property at 3422 Milledgeville Road, Augusta, Georgia, and enjoining Defendants from further acts of harassment or property interference.

B. Compensatory Damages—to compensate my Aunt for her emotional distress, loss of home, and other related injuries.

C. Punitive Damages—to punish Defendants for their malicious and/or reckless conduct and deter similar future conduct.

D. Per Diem Damages—to compensate my Aunt for each day she is displaced from her home pending resolution of this matter.

E. Fees and Costs—to the extent permitted by law, and consistent with the pro se filing status of a next friend, I request that the Court award reasonable fees and costs incurred in prosecuting this action.

F. Abuse of Process Relief—award any additional equitable relief necessary to remedy the Defendants' abuse of process, including imposition of sanctions.

G. A Jury Trial on all issues so triable.

H. Any further relief that the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Russell Lewis Walker*

Russell Lewis Walker
All Rights Reserved
Next Friend for Debra Rene Walker
Pro Se
714 Spearhead Court
North Augusta, South Carolina 29860
(803) 293-0558

## Certificate of Service

I hereby certify that on May 7, 2025, I served a true and correct copy of the foregoing Complaint for Violation of Civil Rights upon all counsel of record and parties by certified mail.

*Russell Lewis Walker*
Russell Lewis Walker
Next Friend for Debra Rene Walker
Pro Se
Date: May 7, 2025

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
Division: Augusta

| | |
|---|---|
| Debra Rene Walker, individually and as beneficiary of the Debra Rene Walker Trust, Plaintiff, <br><br> v. <br><br> The Consolidated Government of Augusta-Richmond County and its associated counsel and officials, Elaine Waters, Marshal's Office Mr. John Philip Manton III Defendant. | Case No. [_____] <br><br> **AFFIDAVIT OF RUSSELL LEWIS WALKER** |

Dated: May 7, 2025

I, Russell Lewis Walker, being first duly sworn, do hereby depose and State the following:

1. I make this statement in support of the above captioned matter and declare under penalty of perjury under O.C.G.A. § 24-5-50 (which provides that any person who swears to the truth of a statement knowing it to be false is subject to the penalty of perjury) that the facts contained herein are true to the best of my personal knowledge and belief, and that any facts based on information and belief are believed to be true.

2. The Respondent(s) in the above captioned matter is real property, a historic farmhouse, a historic pantry house, the family's 1850 horse drawn 9' Dump Rake, and other 1800s farm implements.

3. The Respondent(s) was originally the Cooking House for the Manner, until a fire took it in 1928, leaving behind the foundation Meadow Brooke Kennels sits on and the horse and carriage ruts that shaped the long curved driveway that remains in front of the kennels.

1
Affidavit of Russell Lewis Walker

4. The Respondent(s) Cooking House transmutated into the role of a farmhouse forcing the addition of a front porch, and side bedroom to accommodate the Danforth family in 1928.

5. My grandmother Mary Danforth Walker was a young child but recalled the year she moved into the Cooking House, to me with certainty because losing a home is an unforgettable and traumatic event.

6. One's home may be defended against someone that would burn it down just the same as the life of One's child may be defended against someone that would murder or kidnap the child and the needless loss and taking of One's house is no less tragic when taken by demolition pursuant to a unlawfully obtained court order.

7. The Respondent(s) is Debra Rene Walker's home; not mine, but if it were mine I would protect it from demolition due to government malfeasance as if I were defending a child from a predator, with my life and by any and all means available; which is what all reasonable people of sound mind and normal moral judgement would do every time.

8. The large Hay fields that stretched for miles behind the Respondent(s) became covered by dense forest and remained as such until a few years ago when, as I am informed and believe, the entity(s) with title to the same sold the timber leaving the rough ungraded mess behind.

9. The previous natural state provided security for the Respondent(s) which remained out of sight until the deforestation created the nuisance that the entity responsible for the

2
Affidavit of Russell Lewis Walker

deforestation complains of; an act that provides the Respondent(s) with an affirmative defence hereby asserted by me for my Aunt Debra Rene Walker.

10. The farmhouse blocks access to Milledgeville Road which runs in front of the farmhouse; and I am informed that its geographic situation has had a significant impact on the usability of the entity with title to the property, and an impact on the value of the clearcut property.

11. Based on the historical conduct and known past actions of Mr. Manton, I have good reason to believe that there is a connection between the gross mishandling of judicial power and this unlawful attack on the Respondent(s) that harms my 65-year-old Aunt Debra Rene Walker and her very dear friend Mr. Lutz M. Birdwell.

12. If Mr. Manton, as Augusta, Georgia, is who I believe he is, the Respondent(s) face(s) a man with a history of abuses, including misrepresenting facts before the court and causing the unlawful arrest and detention of myself and Debra Rene Walker, and by repeatedly requesting "re-hearings," and his abuse must end and cannot be ignored by this court.

13. For over two years running, my Aunt has been forced to sleep outside as she is effectively compelled to camp out in a yard, with a house she owns sits unused in close proximity; and due to the circumstances beyond her control, she is forced to use a dog kennel as a shower facility, and her meals are prepared outdoors on the ground by Mr. Birdwell who refuses to leave her side.

14. Mr. Lutz M. Birdwell has provided care and comfort to my Aunt Debra Rene Walker for the past 16 years, and in doing so, he has forfeited other opportunities to save for his future.

15. He is also a victim of the abusive practices in Augusta, Georgia—practices driven by the actions of Mr. Manton— and Mr. Birdwell's own health has deteriorated. His struggles with heart issues and COPD have been exacerbated by the loss of shelter resulting from these actions. He deserves compensation for the shelter he lost while providing care to my aging Aunt.

16. My Aunt Debra Rene Walker and Mr. Birdwell have lost the will to continue fighting for their God given inalienable rights, guaranteed by Georgia and America's Constitutions; and their declining health is directly attributable to Mr. Manton's actions.

17. My allegations are based on information and through due diligence and I offer as verification the following: that Augusta, Georgia Attorney John P. Manton III is the Same John Manton as the Manton in Duke Galish, LLC v. Manton; with evidence provided in the following paragraphs numbered 18 through 24; wherein I set forth the rationale supporting my conclusion that the John P. Manton III, an attorney practicing in Augusta, Georgia, is the same individual referred to as "Manton" in Duke Galish, LLC v. Manton, 662 S.E.2d 880 (2008) and Duke Galish, LLC v. Manton, 707 S.E.2d 555 (2011).

18. Name and Professional Identity: Both individuals share the name "John P. Manton III," thereby providing a prima facie basis for identifying them as the same person. Both individuals are attorneys.

19. Geographic and Practice Location: John P. Manton III practices law in Augusta, Georgia. The Manton in Duke Galish, LLC v. Manton was involved in legal proceedings in Georgia. The association with Augusta, Georgia, is common to both, further reinforcing their identity.

20. Professional Affiliations and Practice Areas: John P. Manton III is associated with the law firm Plunkett, Hamilton, Manton & Graves, LLP Boudreaux. The legal case Duke Galish, LLC v. Manton involved disputes over real estate transactions and contract issues. These practice areas align with John P. Manton III's known legal practice. This alignment in practice areas supports the assertion that the same individual was active in both contexts.

21. Bar Admissions and Identifying Bar Numbers: John P. Manton III is a member of the State Bar of Georgia, with Georgia Bar Number 569904. He is also a member of the State Bar of South Carolina, with South Carolina Bar Number 75351. Given that the Manton in Duke Galish, LLC v. Manton was involved in a legal case in Georgia, it is consistent that an attorney practicing in Georgia who is duly admitted to the State Bar of Georgia would be involved in such matters.

22. The Manton in Duke Galish, LLC v. Manton may have also practiced in South Carolina, further supporting the correlation with John P. Manton III, whose professional credentials include admissions in both states.

23. Relevant Case Citations: Duke Galish, LLC v. Manton, 662 S.E.2d 880 (2008.) Duke Galish, LLC v. Manton, 707 S.E.2d 555 (2011.) Both of these opinions indicate that the

5
Affidavit of Russell Lewis Walker

case involved legal disputes in Georgia that are consistent with the practice areas and geographical location of John P. Manton III.

24. On the basis of the shared name, identical professional credentials, consistent geographic connection, overlapping practice areas, and matching bar admissions (including Georgia Bar Number 569904 and South Carolina Bar Number 75351), the evidence strongly supports a reasonable conclusion that Augusta, Georgia attorney John P. Manton III, is the same individual identified as "Manton" in Duke Galish, LLC v. Manton. The consistency between the biographical and professional information of John P. Manton III, and the details provided in the cited case opinions further confirms this identification.

25. If Mr. Manton commits fraud upon the court by misrepresenting facts and causing wrongful arrests, the people end up shouldering the burden of proving such fraud because the courts have historically failed to issue appropriate sanctions and protective orders. This pattern of behavior leaves victims of abuse with no effective remedy.

26. I have personally witnessed acts that illustrate abuse of power by law enforcement agents when on or about June 6, 2023, while I was escorting my Aunt Debra Rene Walker from another re hear at the Richmond County Judicial Complex, we were assaulted by a Corporal—whose attire and bearing identified him as an employee of the Marshal's Department, Enforcement Division— when he captured my Aunt and I without warrant or probable cause.

27. A short time later, while I was walking through the Respondent(s) on my Aunt's property, I encountered that same Corporal accompanying Ms. Elaine Waters of the enforcement division.

28. I questioned their presence as all reasonable people do when encountering trespassers and to my disbelief the Corporal aggressively warned me, saying, "You better back up before you get hurt!"

29. I informed him and Ms. Waters that they were trespassing, and he advanced toward me and threatened, "You are about to get put in the hospital and then put in jail!"

30. I distinctly recall fearing for my life and but for the intervention of Ms. Elaine Waters, who immediately ordered him to cease his aggressive behavior and follow her, I feel certain he would have hurt me.

31. I further affirm that body camera footage from that day, on or about June 6, 2023, will corroborate the threatening conduct and imminent peril I was faced with; and I assert that the Corporal poses a continuing threat to the rights and safety of all of the people in Richmond County.

32. I affirmatively believe I have placed my own safety at risk by exposing the malevolent actions and abuses that Augusta, Georgia has taken and continues to take against me and the People of this State and petition this court for temporary and permanent injunctive relief.

33. I respectfully request that the Court impose sanctions and issue protective orders against:

   a) Mr. Manton, for his repeated abuse of judicial power, fraud upon the court, and violation of ethical and civil rights,
   b) Ms. Elaine Waters, for her part in the abusive conduct and failure to prevent misconduct by those under her supervision,
   c) The Richmond County Marshal's Department's Corporal mentioned above, due to his unlawful and threatening actions against me and my Aunt.

34. The jurisdiction of the Magistrate Court is limited to the unincorporated areas of Richmond County by the very same Statutes Mr. Manton purports provide the court its jurisdiction in Augusta, Georgia's complaint In Rem, notwithstanding however the fact that the government of Augusta-Richmond County is a consolidated government with no unincorporated areas pursuant the tax laws and regulations that Mr. Manton attached to his Complaint, and as a consequence thereof this court lacks jurisdiction over the action against the Respondent(s) while retaining territorial jurisdiction over certain matters not related to nuisance abatement.

35. I reassert that I know for a fact by my own personal knowledge that Respondent(s) filed a proper written and timely demand with the appropriate clerk for removal of this action and case to State Court—a demand that the Magistrate Court was required to grant, yet failed to do so.

36. I also challenge and rechallenge the Court's findings of fact, which I maintain are unsupported by evidence and riddled with misrepresentations. In particular, I assert that

the farmhouse is not a "building, dwelling, or structure" as defined under Georgia law for the purposes of nuisance abatement actions and related proceedings and this court cannot ignore the law.

37. I further invoke the principle, by Judicial Notice and applicable Georgia rules—referencing the authority afforded when swearing under oath before God—that my testimony in this matter qualifies as expert testimony regarding the conditions and facts as stated herein.

I declare under penalty of perjury that the foregoing is true and correct, and that I have made no statements herein except those required by my duty to correct wrongdoings and to preserve my Aunt Debra Rene Walker's and Mr. Lutz M. Birdwell's rights. I understand the penalty for perjury as provided under Georgia law, and I affirm that my knowledge of these facts is based on my personal observation and belief. Any facts herein based on information and belief are, to the best of my knowledge, true.

_____
Russell Lewis Walker

Sworn to and subscribed before me on this ___ th day of May, 2025.

_____
Notary Public for the State of Georgia
My Commission Expires: 05/13/2028

Notary Public State of Georgia
LYNN SMITH
Columbia County
Expires 06/13/2028