IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
Division: Augusta

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

MAY 13 2025

FILED

Debra Rene Walker, individually )
and as beneficiary of the )
Debra Rene Walker Trust, )
Plaintiff, )
        v. )
 )
The Consolidated Government of )
Augusta-Richmond County and its )
associated counsel and officials, )
Elaine Waters, Marshal's Office )
Mr. John Philip Manton III )
Defendant. )

Case No. [CV125-114]

**MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Dated: May 7, 2025

**COMES NOW** the Plaintiff, Debra Rene Walker, individually and as beneficiary of the Debra Rene Walker Trust, by and through her next friend, Russell Lewis Walker, and hereby moves this Court for a Temporary Restraining Order and Preliminary Injunction to set aside the demolition order issued in this matter. In support of this Motion, I state as follows:

**I. Procedural Irregularities and Lack of Proper Service**

1. Proper notice of the hearing at which the demolition order was issued was not provided. Instead, service was effected solely by publication despite prior personal service on related notices. The hearing proceeded in violation of due process (Affidavit of Russell Lewis Walker, paragraph 36).

**II. Fraud Upon the Court**

2. False testimony was presented by the City Attorney, Mr. John Philip Manton III, through Code Enforcement Agent, Ms. Elaine Waters. In particular, there are three critical pieces of misinformation that I have evidence to disprove:

a. False Assertions Regarding Utility Service: Contrary to claims made in court, contradictory emails and confirmations from Georgia Power demonstrate that my Aunt regularly receives and pays her electricity and water bills (Affidavit of Russell Lewis

1

Walker, paragraph 39).

b. Mischaracterization of the Property's Condition: There was a knowingly false representation before the Magistrate regarding the property's condition to support a demolition order, which has been directly contradicted by existing evidence (Affidavit of Russell Lewis Walker, paragraph 39).

c. Failure to Acknowledge the Filed Answer/Counterclaim: The court did not properly acknowledge or act upon the filed Answer/Counterclaim, thereby denying the parties an effective opportunity to dispute the claims on the record (Affidavit of Russell Lewis Walker, paragraph 39).

### III. Lack of Subject Matter Jurisdiction

3. The Magistrate Court in this matter lacks subject matter jurisdiction. The governments of the City of Augusta and County of Richmond, Georgia have been consolidated into a single governmental entity without unincorporated areas. Under Georgia Code § 41-2-5, the jurisdiction of the Magistrate Court is limited to actions in unincorporated areas. Because this case involves property located within a consolidated government, the Magistrate Court does not have jurisdiction to decide nuisance abatement actions of this nature (Affidavit of Russell Lewis Walker, paragraph 24). Furthermore, the Court failed to grant a written demand to remove the proceeding to the appropriate State Court that was properly and timely filed on June 26, 2023, specifically before the first hearing following the filing of the complaint (Affidavit of Russell Lewis Walker, paragraph 28).

### IV. Mischaracterization of the Subject Property

4. The demolition order is based on a misinterpretation of the applicable statutory definitions. Specifically, the farmhouse at 3422 Milledgeville Road is not a "building, dwelling, or structure" as defined under Georgia law for the purposes of nuisance abatement actions. Accordingly, the demolition order is conceptually and legally flawed (Affidavit of Russell Lewis Walker, paragraph 26).

2

## V. Irreparable Harm

5. The imminent demolition of the historic farmhouse will result in irreparable harm to my Aunt. The property embodies significant historical, familial, and emotional value (Affidavit of Russell Lewis Walker, paragraphs 4, 5). The loss of this residence would cause immediate and irreparable injury which cannot be remedied by monetary damages alone. My Aunt will be deprived of safe and stable shelter, further compounding the harm she endures each day (Affidavit of Russell Lewis Walker, paragraphs 10, 11).

## VI. Indigency and Fee Considerations

6. I acknowledge that I am proceeding as a pro se next friend on behalf of my Aunt, who is indigent and lacks the financial means to secure proper legal counsel. In light of this, I respectfully request that this Court consider my indigent status when scheduling hearings and imposing any fees.

## VII. Request for Sanctions

7. In view of the misconduct exhibited by Mr. Manton and Ms. Elaine Waters – including false testimony and deliberate misrepresentation before the Magistrate – I respectfully request that this Court impose appropriate sanctions against them for their abusive conduct (Affidavit of Russell Lewis Walker, paragraph 23).

## VIII. Compliance with Rule 65 and Local Rules

8. I submit that all requirements set forth under Rule 65 of the Federal Rules of Civil Procedure are met by my showing of immediate and irreparable injury, loss, or damage that will occur before the adverse party can be heard in opposition. Furthermore, I have complied with the Southern District of Georgia Local Rules regarding filing, service, and the content of the motion.

**WHEREFORE**, I respectfully request that this Court:

A. Set aside the demolition order and issue an immediate Temporary Restraining Order and Preliminary Injunction preventing the demolition of the property located at 3422 Milledgeville Road, Augusta, Georgia;

B. Order that my Aunt be allowed to re-enter and secure the subject property pending further proceedings;

C. Impose appropriate sanctions against Mr. John Philip Manton III and Ms. Elaine Waters for their misconduct in presenting false testimony and engaging in deceptive practices;

D. Consider my indigent status when scheduling hearings and imposing fees;

E. Grant any further relief that this Court deems proper and just.

Respectfully submitted,

_____
Russell Lewis Walker
All Rights Reserved
Next Friend for Debra Rene Walker
Pro Se
714 Spearhead Court
North Augusta, South Carolina 29860
(803) 293-0558

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing Motion for Temporary Restraining Order and Preliminary Injunction was served on all counsel of record by certified mail on this 7th day of May, 2025.

_____
Russell Lewis Walker
Pro Se Next Friend for Debra Rene Walker

4