**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
Division: Augusta**

| | |
|---|---|
| Debra Rene Walker, individually and as beneficiary of the Debra Rene Walker Trust, Plaintiff, <br><br> v. <br><br> The Consolidated Government of Augusta-Richmond County and its associated counsel and officials, Elaine Waters, Marshal's Office Mr. John Philip Manton III Defendant. | Case No. [_____] <br><br> **TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Upon review of the Motion for Temporary Restraining Order and Preliminary Injunction, and the supporting record, the Court finds that Plaintiff Debra Rene Walker, through her next friend Russell Lewis Walker, has demonstrated a substantial likelihood of success on the merits of her claims and will suffer irreparable harm if the demolition of the property located at 3422 Milledgeville Road, Augusta, Georgia, proceeds. The balance of equities favors granting injunctive relief, and such relief is in the public interest.

**IT IS HEREBY ORDERED THAT:**

1. **Injunctive Relief:**

The City of Augusta is hereby enjoined from commencing, authorizing, or permitting any demolition, alteration, or enforcement action aimed at demolishing or adversely changing the condition of the historic farmhouse and property located at 3422 Milledgeville Road, Augusta, Georgia, until further order of this Court.

1

### 2. Scope of the Injunction:

This injunction restrains all acts by the Defendant, including any actions by its agents, that may result in or facilitate the demolition or any significant alteration of the subject property. Plaintiff shall be permitted to re-enter and secure her property forthwith, and Defendant is prohibited from taking any remedial or preparatory measures affecting Plaintiff's property without prior Court approval.

### 3. Findings:

a. Plaintiff has met the requirements for a Temporary Restraining Order and Preliminary Injunction under Rule 65 of the Federal Rules of Civil Procedure, having shown that she will suffer immediate and irreparable harm, loss, or damage before the Defendant can be heard in opposition.

b. The false testimony and procedural irregularities noted in the Motion, including improper service by publication and misrepresentations by Defendant's agents, have undermined the integrity of the prior proceedings.

c. The balanced equities, with Plaintiff facing irreversible harm in losing a historic home of significant familial and cultural value, mandate the issuance of this injunction.

d. Granting this injunction furthers the public interest in preserving historic property and ensuring due process.

### 4. Bond Requirement:

As a condition of this Order, Plaintiff is required to post a bond in the amount of $100 to secure any costs or damages incurred by the Defendant in the event this Order is later found to be erroneous.

### 5. Duration:

This Temporary Restraining Order and Preliminary Injunction shall remain in full force and effect until further notice or until modified or dissolved by this Court.

### 6. Compliance with Local Rules:

This Order is issued in strict compliance with Rule 65 of the Federal Rules of Civil Procedure and the applicable Southern District of Georgia Local Rules.

### 7. Reference to Motion:

The Court acknowledges that this Order incorporates by reference the factual allegations, documentary evidence, and legal arguments set forth in the Motion for Temporary Restraining Order and Preliminary Injunction, which has been thoroughly reviewed.

**IT IS SO ORDERED.**

_____

United States District Judge

Dated: May ___ , 2025