IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DEBRA RENE WALKER, Individually and as Beneficiary of the Debra Rene Walker Trust, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 125-114 |
| THE CONSOLIDATED GOVERNMENT OF AUGUSTA-RICHMOND COUNTY, and its Associated Counsel and Officials; ELAINE WATERS; MARSHAL'S OFFICE; and MR. JOHN PHILIP MANTON, III, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On May 13, 2025, the Clerk of Court received for filing the instant complaint, motion to proceed *in forma pauperis* ("IFP"), a motion to remand, a motion seeking injunctive relief, and accompanying documents in support. (Doc. nos. 1, 2, 4, 5.) The complaint alleges Augusta-Richmond County officials wrongfully deprived Plaintiff of her rights in connection with a Magistrate Court nuisance abatement proceeding, resulting in the authorization of demolition of Plaintiff's historic farmhouse. (See id.) Upon initial review of Plaintiff's complaint, the Court observed that Plaintiff Debra Rene Walker signed the IFP motion in her own name, (see doc. no. 2), but the remaining documents were signed by Plaintiff's nephew, Russell Lewis Walker, who purports to bring this suit as next friend on behalf of Plaintiff, (see doc. nos. 1, 4, 5). While a letter attached to the complaint contended Mr. Walker needed to serve as next friend due to Plaintiff's diminished capacity, (doc. no. 1-1, pp. 2-3), neither the

complaint nor any other filings allege any additional facts concerning the severity of Plaintiff's conditions sufficient to determine whether Ms. Walker is legally incompetent, nor that any court has appointed Mr. Walker as conservator, guardian, or like fiduciary for his aunt. See Fed. R. Civ. P. 17(c). Moreover, the Court noted if Plaintiff is incompetent such that Mr. Walker could proceed on her behalf, he could not do so *pro se*. (Doc. no. 12, p. 3.) Accordingly, the Court ordered Plaintiff to complete one of the following tasks on or before June 5, 2025:

1. If Ms. Debra Rene Walker is competent, she must file an amended complaint that confirms her intent to conduct this case personally as the real party in interest . . . .

2. If Ms. Debra Rene Walker is incompetent, Mr. Russell Lewis Walker must retain legal counsel to file an amended complaint by the same deadline that sufficiently identifies the basis for Mr. Walker proceeding as next friend of Ms. Walker under Fed. R. Civ. P. 17(c).

(Id.) Moreover, the Court warned Plaintiff failure to comply with this Order will result in dismissal without prejudice. (Id. at 5.) The time to respond has passed, and Plaintiff has neither complied with the May 22nd Order nor otherwise offered any explanation to the Court why Plaintiff has not complied.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel

of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to respond to the Court's May 22nd Order, or even to provide the Court with an explanation for Plaintiff's failure to timely respond, amounts not only to a failure to prosecute, but also an abandonment of this case. This is precisely the type of neglect contemplated by the Local Rules. Moreover, the Court cautioned Plaintiff that a failure to respond would be an election to have this case voluntarily dismissed.

In sum, the time to respond has passed, and Plaintiff has not complied with the Court's May 22nd Order. Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of June, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA